## Richmond

VIRGINIA-CAROLINA ELECTRICAL WORKS, INC. v. ELEANOR COOPER
AND OTHERS, ETC.

March 12, 1951.

Record No. 3741.

Present, Eggleston, Spratley, Buchanan and Miller, JJ.

The opinion states the case.

*R. Arthur Jett* and *Henry E. Howell, Jr.,* for the plaintiff in error.

*Bertram S. Nusbaum* and *Lance L. Underwood, Jr.,* for the defendants in error.

BUCHANAN, J., delivered the opinion of the court.

The appellant, plaintiff below, filed its notice of motion for judgment against the defendants, trading as Ocean View Enterprises, for a balance of $468.30, alleged to be due for work and materials at Ocean View Amusement Park operated by the defendants. The defendants filed a plea of the general issue and a special plea of accord and satisfaction. The trial court heard the evidence offered on the special plea, sustained it and dismissed the plaintiff's action. We granted plaintiff a writ of error.

The only evidence on the plea was given by the president of the plaintiff company, called as a witness by the defendants, by whom the defendants introduced five exhibits, being four letters and a check.

From this evidence it appears that the plaintiff, on July 31, 1947, sent the defendants a statement of their account, composed of 14 invoices, totaling $790.33. On November 3, 1947, Ocean View Improvement Corporation, whose connection with the matter is not explained, wrote the plaintiff saying, "We are enclosing a check for $322.03 in settlement of our account to date which is contrary to your statement of July 31, which shows a balance due of $799.33 (*sic*). The difference of $468.30 covers the below items." Four items were then listed, totaling $468.30, which the letter stated were for repairs to a motor, improperly done. The letter concluded, "We regret this bit of unpleasant-

ness but trust you will see our position in its proper light and will accept the settlement as submitted." No check was enclosed in this letter.

November 5, 1947, plaintiff wrote to the sender acknowledging receipt of the letter of November 3, saying, "You failed to enclose the check, but this omission is unimportant as we would have returned same to you. * * * Please be advised that we are expecting you to pay the full amount of our account and that we are prepared to go into Court to prove our case."

November 14, 1947, Ocean View Improvement Corporation wrote the plaintiff, referring to its letter of November 5, and saying, so far as here material, "We failed to enclose our check for $323.03 and are, in spite of the statement that you would not accept it, enclosing it never-the-less and if you wish to retain it or return it, it is unimportant to us. * * * If you feel, under the circumstances, that it is necessary to take this matter to court there is no other choice for us except acquiesce."

The check enclosed was for $322.03, dated November 13, 1947, signed by Ocean View Enterprises, bearing no notation other than the words "Per letter."

By letter of November 19, 1947, plaintiff replied, "We have deposited your check for $323.00 as part payment of the amount you owe us. We expect you to pay the full amount of the balance due."

On its first assignment of error the plaintiff contends that these transactions did not constitute an accord and satisfaction. We agree with this contention.

■ "Accord and satisfaction is a method of discharging a contract or cause of action, whereby the parties agree to give and accept something in settlement of the claim or demand of the one against the other, and perform such agreement, the 'accord' being the agreement, and the 'satisfaction' its execution or performance." 1 C. J. S., Accord and Satisfaction, § 1, p. 462. *Owen* v. *Wade,* 185 Va. 118, 124, 37 S. E. (2d) 759, 762.

"The thing agreed to be given or done in satisfaction must be offered and intended by the debtor as full satisfaction, and accepted as such by the creditor." 1 C. J. S., *Idem,* § 6, p. 476. *Mercury Ins. Co.* v. *Griffith,* 178 Va. 9, 20, 16 S. E. (2d) 312, 316; *McGuire* v. *Martin,* 152 Va. 453, 456, 147 S. E. 265, 266.

■ Thus an accord and satisfaction is founded on contract embracing an offer and acceptance. The acceptance, of course,

may be implied, and as a general rule, where the amount due is unliquidated, *i. e.*, disputed, and a remittance of an amount less than that claimed is sent to the creditor with a statement that it is in full satisfaction of the claim, or is accompanied by such acts or declarations as amount to a condition that if accepted, it is accepted in full satisfaction, and the creditor accepts it with knowledge of such condition, then accord and satisfaction results. 1 Am. Jur., Accord and Satisfaction, § 19, p. 221; § 23, p. 224; § 24, p. 225. Annotations, 34 A. L. R., at p. 1044, 75 A. L. R. at p. 916.[1]

■ But an accord and satisfaction does not result unless the debtor intends his offer as a satisfaction of the demand and such intention is clearly made known to the creditor and accepted by the creditor in accordance with the debtor's intention. "Both the giving and the acceptance in satisfaction are thus essential requisites, and if either be lacking there can be no accord and satisfaction." 1 C. J. S., *Idem,* § 6, p. 477. Annotations, 34 A. L. R. at p. 1052, 75 A. L. R. at p. 919.

Here the defendants wrote that they were enclosing a check in settlement of their account, which was for an amount less than the amount claimed by the plaintiff, and expressed the hope that the plaintiff would "accept the settlement as submitted." The check was not enclosed and the plaintiff promptly wrote the defendants that if it had been it would have been returned and "we are expecting you to pay the full amount of our account," and were prepared to prove their case in court. After receipt of this notice the defendants mailed the plaintiff a check for the amount mentioned in their first letter, stating that "if you wish to retain it or return it, it is unimporant to us;" and further stating that if the plaintiff felt it necessary to take the matter to court, they had no choice but to acquiesce. The check enclosed bore no notation that it was in full settlement or payment.

■■ These exchanges constituted no offer and acceptance and hence no accord and satisfaction. The burden was on the defendants to prove their plea. *Standard Sewing Machine Co.* v. *Gunter,* 102 Va. 568, 574, 46 S. E. 690, 692. Their evidence

---

[1] At common law such an agreement as to liquidated claims, *i.e.,* claims which the debtor does not in good faith dispute, was ineffective for want of consideration. That rule has been changed by statute in Virginia and in many other States. 1 Am. Jur., Accord and Satisfaction, § 41, p. 239; Burks Pl. and Pr., 3d ed., § 8, p. 8; Code, 1950, § 11-12; *Hogan v. Callas,* 139 Va. 137, 143, 123 S. E. 361, 363.

failed to show that they intended the check to be in satisfaction of the plaintiff's demand, but rather the contrary; and if they did so intend it was not made known to the plaintiff in any clear manner, nor was there on the check or in the correspondence any condition that if the check was accepted it was to be in full settlement. To the contrary, before the check was sent the plaintiff wrote it would not be so accepted, and thereafter the check was sent with no condition as to its use, but with what amounted to an expression of willingness that the balance be litigated. *Cf. Thomas* v. *Brown,* 116 Va. 233, 237, 81 S. E. 56, 57, Ann. Cas. 1917A, 128; *County of Campbell* v. *Howard,* 133 Va. 19, 112 S. E. 876.

The plea of accord and satisfaction was no bar to the plaintiff's action and should have been overruled. The judgment below is reversed and the case will be remanded for a trial on its merits under the defendants' plea of the general issue.

*Reversed and remanded.*