**In re Stanley Norman KOUSHEL, Josianne Micheline Koushel, Debtors.**

**COSALT EXPORTS LIMITED, Plaintiff,**

**v.**

**Stanley Norman KOUSHEL, Josianne Micheline Koushel, Defendants.**

Bankruptcy No. 80–00097.
APN 800–365.

United States Bankruptcy Court,
E. D. Virginia,
Norfolk Division.

Oct. 6, 1980.

Bruce A. Kayuha, Willcox, Savage, Lawrence, Dickson & Spindle, P. C., Norfolk, Va., for plaintiff.

Stuart H. Held, Christie & Held, P. C., Virginia Beach, Va., for defendants.

## MEMORANDUM OPINION

HAL J. BONNEY, Jr., Bankruptcy Judge.

Stanley and Josianne Koushel filed a joint petition for bankruptcy on February 4, 1980. Prior to filing, in 1978, the debtors operated a business in the Federal Republic of Germany known as Mirror Decorations. The plaintiff in the instant proceeding is a creditor of that business who originally instituted a civil action in the United States District Court for the Eastern District of Virginia seeking relief on a theory of misleading and fraudulent financial statements. The filing of the bankruptcy petition stayed the proceedings in the District Court. The plaintiff then filed a complaint for the determination of the dischargeability of the Koushel debt pursuant to 11 U.S.C. § 523(a)(2).

The Court set an initial pre–trial conference in the matter for June 24, 1980. Prior to that time, counsel for the plaintiff informed the Court that the case would be settled and could be removed from the docket.

On July 15, 1980, however, the plaintiff filed a motion to reinstate its complaint on the trial docket; the settlement negotiations were unsuccessful and the plaintiff desired to proceed to trial.

The defendants answered and argued that they had accepted plaintiff's offer of settlement and, therefore, the complaint was barred under the theory of accord and satisfaction.

Counsel moved for a preliminary trial on this issue. At this trial the correspondence between the attorneys was introduced into evidence and the parties argued.

The Court must determine whether the parties reached an accord and satisfaction and, if so, the impact of that upon the present proceeding.

Accord and satisfaction is a method of discharging a contract or cause of action in which the "parties agree to give and accept something in settlement of the claim or demand of the one against the other, and

perform such agreement, the 'accord' being the agreement and the 'satisfaction' its execution or performance." *Virginia–Carolina Electrical Works, Inc. v. Cooper*, 192 Va. 78, 63 S.E.2d 717 (1951); *Kasco Mills, Incorporated v. Ferebee*, 197 Va. 589, 90 S.E.2d 866 (1956); *Owen v. Wade*, 185 Va. 118, 37 S.E.2d 759 (1946). See also *Vilter Manufacturing Co. v. Rolaff*, 110 F.2d 491 (8th Cir. 1940).

■ An accord and satisfaction is founded on contract embracing the familiar principles of offer and acceptance. Typically, a debtor will offer a creditor a sum of money, which is less than the creditor's claim, in full satisfaction of that claim. *Virginia–Carolina Electrical Works, Inc. v. Cooper*, supra; *Mercury Insurance Co. v. Griffith*, 178 Va. 9, 16 S.E.2d 312 (1941).

■ In this case the creditor, Cosalt, offered to settle the pending litigation if the Koushels would confess judgment in the civil suit, dismiss their counterclaim in the same suit, and deliver the originals of documents relating to their former business to Cosalt. Although the Koushels may have accepted this offer [as they allege in their answer] they do not appear to have taken the steps required by the plaintiff.

■ Under Virginia law, it is clear that accord and satisfaction is *accomplished* by virtue of a two–step process. First, there must be an agreement between the parties, the accord. Second, the agreement must be executed or performed, this is the satisfaction. It is absolutely essential that the accord be executed. An unexecuted agreement will not constitute an accord and satisfaction. *Campbell County v. Howard*, 133 Va. 19, 112 S.E. 876 (1922). See Va.Code § 11–12. An accord is a bar to subsequent actions only if performed. Cf. *Owen v. Wade*, supra.

In this instance, the debtors simply have not performed; there is no accord and satisfaction.

Accordingly, the Court holds that the plaintiff is not barred from proceeding and a trial on the merits of the case will be held as scheduled.

IT IS SO ORDERED.