## CIRCUIT COURT OF FAIRFAX COUNTY

Town and Country
Properties, Inc.

v.

George Glaser et al.

January 12, 1990

Case No. (Law) 93251

By JUDGE LEWIS HALL GRIFFITH

This matter came before the Court on defendant's Plea in Bar alleging accord and satisfaction. For the reasons stated below, the Plea is denied.

The defendant, Mark S. Allen, is the sole remaining defendant in this suit which arose out of a real estate contract and settlement. The defendant was the settlement attorney. Plaintiff is the seller's real estate agent. Count II of the Motion for Judgment alleges tortious interference with contractual relations on the part of the defendant. The basis of the claim is that the defendant wrongfully withheld the plaintiff's sales commission after the settlement. The plaintiff requested judgment for $10,000 compensatory damages, $50,000 punitive damages plus interest, costs, and attorney fees. Apparently, the sales commission has now been released and paid to the plaintiff. The defendant seller and third party defendant sales agent have both been dismissed upon a plea in bar of accord and satisfaction.

"Accord and satisfaction is a method of discharging a . . . cause of action, whereby the parties agree to give and accept something in settlement of the claim or demand of the one against the other and perform such agreement, the accord being the agreement and the satisfaction the execution or performance." *Virginia-Carolina Electrical*

*Works v. Cooper*, 192 Va. 78, 80, 63 S.E.2d 717 (1951). Accord and satisfaction is an affirmative defense, all elements of which must be proven by the party making the defense. *Masonite Corp. v. Norfolk and Western Railway*, 601 F.2d 224 (4th Cir. 1979).

The defendant has not proven an agreement between himself and the plaintiff, nor performance of any such agreement. The fact that the other defendants have been released by accord and satisfaction is of no relevance to Mr. Allen's case. The gravamen of the Motion for Judgment is that the plaintiff was damaged by the defendant by his alleged tortious interference with the contract between the plaintiff and the defendant sellers. The plaintiff seeks damages beyond the commission withheld by the defendant. The mere payment of that money, absent some proven, executed agreement, is not an accord and satisfaction of the plaintiff's claim against the defendant.

The Plea in Bar is denied.