# CIRCUIT COURT OF FAIRFAX COUNTY

Decision Support Systems, Inc.

v.

BJMT Technology Corp.

## February 16, 1999

## Case No. (Law) 175518

BY JUDGE LESLIE M. ALDEN

This matter came before the Court upon the Motion for Summary Judgment filed by Defendant BJMT Technology Corp. At the hearing on January 22, 1999, the Defendant asked the Court to determine whether the acceptance by Plaintiff Decision Support Systems, Inc., of several checks tendered by Defendant aggregating the principal amount Plaintiff seeks in this case bars its entire claim as a matter of law under the doctrine of accord and satisfaction as set forth in § 8.3A-311 of the Virginia Code (1950) as amended.

For the reasons set forth below, the Court concludes that an accord and satisfaction has not been shown by the undisputed material facts in this case. Accordingly, Defendant's Motion for Summary Judgment is denied.

### I. *Factual Background*

The following facts are derived from the pleadings filed herein. Plaintiff supplied certain merchandise to Defendant on an open account. Defendant defaulted, and Plaintiff, pursuant to a written contract between the parties, filed a Motion for Judgment to collect Defendant's overdue balance plus interest, attorney's fees, and court costs ("Defendant's debt").

Prior to commencing this suit, Plaintiff received several post-dated checks from Defendant which amounted to the initial overdue balance. After the suit

began, Plaintiff cashed the checks and expressly reserved its contractual rights in its endorsement. In addition, Plaintiff wrote a contemporaneous letter to Defendant explaining that the amount tendered was not accepted as full satisfaction of Defendant's debt. Plaintiff applied the checks to a portion of Defendant's debt, leaving a remaining balance for which it now seeks relief.

## II. *Argument*

Defendant contends that its tender of the checks to Plaintiff and Plaintiff's cashing thereof constituted full satisfaction of its debt owed, thereby barring Plaintiff's claim. Plaintiff, however, argues that it never accepted the checks as full satisfaction of Defendant's debt.

This court may enter summary judgment only if no material fact is genuinely in dispute. Rule 3:18 of the Rules of the Supreme Court of Virginia (1950) as amended. All facts considered will be those that are most favorable to the non-moving party "unless those inferences are strained, forced, or contrary to reason." *Davis v. Tazewell Place Associates*, 254 Va. 257, 259 (1997) (citing *Bloodworth v. Ellis*, 221 Va. 18, 23 (1980)).

Accord and satisfaction is an agreement between parties to give and accept something in order to discharge a debt owed. The "accord" is the agreement and the "satisfaction" is its performance. The amount tendered in satisfaction of the debt "must be offered and intended by the debtor as full satisfaction and accepted as such by the creditor." See *Virginia-Carolina Electrical Works v. Cooper*, 192 Va. 78, 80 (1951). An accord and satisfaction is based upon the contract principals of offer and acceptance. The acceptance may be implied where the amount due is sent to, and accepted by, the creditor under the terms set forth in § 8.3A-311 of the Virginia Code (1950) as amended. *Id.* at 81. "Both the giving and acceptance in satisfaction are thus essential requisites, and if either [is] lacking, there can be no accord and satisfaction." See *Virginia-Carolina Electrical Works*, 192 Va. at 81.

In this case, Defendant has failed to meet the requirements set forth in § 8.3A-311 of the Virginia Code (1950) as amended. In particular, subsection (b) of § 8.3A-311 requires a "conspicuous statement," written either on the check tendered or in a separate written communication delivered with the check, to the effect that payment is made in full satisfaction of the claim. A statement is "conspicuous" when it is "written [so] that a reasonable person against whom it is to operate ought to have noticed it." Va. Code Ann. § 8.1-201 (Michie 1998). No such statement appears on the face of any check

that Defendant tendered to Plaintiff, nor is there any evidence of an accompanying written statement to that effect.

Defendant contends that despite the lack of a conspicuous statement of intent, it can be inferred that Plaintiff knew the checks were intended by Defendant as full satisfaction of Defendant's debt. Defendant argues that the mere knowledge of Defendant's intent is sufficient to effect an accord. By cashing the checks, Defendant argues, Plaintiff accepted Defendant's offer, thereby barring this suit.

However, contrary to the inference urged by Defendant, Plaintiff expressly indicated, in both a letter and as part of its endorsement on the checks, that it did *not* accept the checks as full satisfaction of Defendant's debt. Accordingly, even if Defendant's tender could be construed as an offer, Plaintiff plainly did not accept it. Moreover, mere intent, without a conspicuous statement, is not sufficient. Therefore, under the undisputed facts of this case, there has been no accord and satisfaction, either at common law or pursuant to § 8.3A-311 of the Virginia Code (1950) as amended.

### III. *Conclusion*

For the reasons stated above, the Court finds that undisputed material facts in this case fail to show an accord and satisfaction, therefore Defendant's Motion for Summary Judgment is denied.