PRESENT:  All the Justices

MICHAEL L. HELTON

                                              OPINION BY
v.        Record No.  081240      JUSTICE S. BERNARD GOODWYN
                                          FEBRUARY 27, 2009
PHILLIP A. GLICK PLUMBING, INC.

            FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
                    John J. McGrath, Jr., Judge

      In this case, we consider whether the circuit court erred
in failing to find an accord and satisfaction by use of an
instrument.

      Phillip A. Glick Plumbing, Inc. ("Glick Plumbing") filed a
warrant in debt in the General District Court of Rockingham
County claiming payment due for plumbing work that had been
completed on a house owned by Michael L. Helton ("Helton").  The
case was appealed to the Circuit Court of Rockingham County.  In
the circuit court, Helton filed a plea in bar claiming an accord
and satisfaction pursuant to Code § 8.3A-311.  The plea in bar
was denied after argument, and the case proceeded to trial.
After the trial, the circuit court awarded Glick Plumbing a
judgment of $1,686.51 plus interest.  Helton objected to the
judgment, claiming that he had proven an accord and satisfaction
by use of an instrument.  Helton appeals.

                              FACTS

      In 2005, Helton met with Andy Glick ("Glick"), owner of
Glick Plumbing, and they orally contracted for Glick Plumbing to

complete plumbing work on a house under construction in Penn Laird, Virginia. The plumbing services were to be charged at the rate of $35 per hour plus the cost of materials. After the initial work was done, Helton noted that the workers were taking extended breaks and generally working slowly. He informed Glick about these problems. Glick acknowledged the complaint but did not agree that the workers were wasting time.

After Helton received the initial invoice, he requested an itemized statement and paid a portion of the invoice. Glick complained to Helton about the partial payment, and Helton told him that the issue of wasted time and materials would have to be addressed before he would make a full payment. Glick again denied that any time or materials were being wasted.

Helton later contracted with Glick Plumbing to install a hot water heater in the Penn Laird home. Glick agreed to install the hot water heater if payment would be made. Helton agreed to pay for the hot water heater and the hours worked to make the installation.

Helton kept track of the hours related to the installation of the hot water heater. After receiving the invoice, Helton told Glick that the amount billed was "considerably high based on the hours worked, multiplied by the rate per hour." Helton then paid for the hot water heater installation but did not pay for all of the hours billed for the work.

2

Helton, thereafter, sent two letters to Glick's business address advising him of perceived problems with overbilling on the original job as well as on the installation of the water heater. These letters contained detailed allegations of workers "goofing off" and wasted materials. After sending these letters, Helton mailed a cashier's check to Glick's business address in the amount of $1,300, which was $1,686.51 less than the amount billed. The cashier's check included the words "Paid in Full" on the memo line on the front of the check. Accompanying the check, Helton sent a letter stating that the amount was reduced from the total amount billed, due to the previously reported issues with overbilling of hours and wasted materials. Both the letter and the check indicated that no more payments would be made.

Later, Glick Plumbing mailed Helton another invoice asking for the remainder of the amount billed. This invoice included a copy of Helton's cashier's check, which had been deposited into Glick Plumbing's bank account. The words "Paid in Full" had been crossed out on the check, and the words "No" and "Balance Due $1,686.51" had been added.

## ANALYSIS

On appeal, Helton assigns error to the circuit court's denial of his plea in bar and defense of an accord and satisfaction. Helton claims he satisfied all the requirements

3

set forth in Code § 8.3A-311 for an accord and satisfaction by use of an instrument.  Glick Plumbing argues that even if the statute applies, Helton does not meet the criteria for an accord and satisfaction by use of an instrument because "he did not act in good faith with an honest belief that a bona fide dispute existed."

Code § 8.3A-311 was adopted by the General Assembly in 1992 as an amendment to the Uniform Commercial Code ("UCC"), and it is applicable to the situation presented in this appeal.  Code § 8.3A-311; see Johnston v. First Union Nat'l Bank, 271 Va. 239, 244, 624 S.E.2d 10, 12 (2006).  In order to prove an accord and satisfaction by use of an instrument, the person against whom the claim is asserted, the debtor, must prove that: (1) he in good faith tendered an instrument to the claimant as full satisfaction of the claim, (2) the amount of the claim was unliquidated or subject to a bona fide dispute and (3) the claimant obtained payment of the instrument.  Code § 8.3A-311(a).  Unless subsection (c) of the statute applies, the claim is discharged if the debtor proves that the instrument or an accompanying written communication contained a conspicuous statement to the effect that the instrument was tendered as full satisfaction of the claim.[*]  Code § 8.3A-311(b).

---

[*] Code § 8.3A-311(c) is inapplicable in this case. Subsection (c) of the Code states that the debt is not

4

It is undisputed that Glick Plumbing received and deposited the check from Helton. Glick conceded that Helton complained to him more than once concerning allegations of overbilling and wasted materials. Helton told Glick that the issue of wasted time and materials would need to be addressed before full payment would be made. Further, Helton wrote two letters to Glick about his allegations that workers were "goofing off" and wasting time. Thus, the amount of Glick Plumbing's claim was the subject of a bona fide dispute.

The Code defines "in good faith" as honesty in fact and in the observance of reasonable commercial standards of fair dealing. Code § 8.3A-103. In the present case, the circuit court's approved statement of facts indicates that Helton submitted the cashier's check to Glick Plumbing's business address. Further, the check submitted was clearly marked "Paid in Full," and a letter accompanying the check indicated that Helton was submitting the check in full satisfaction of the

discharged if the claimant, if an organization, proves that it sent a statement to the person against whom the claim is asserted that communications concerning disputed debts, including an instrument tendered as full satisfaction of a debt, are to be sent to a designated person, office, or place, and the instrument or accompanying communication was not received by that designated person, or if a claimant, whether or not an organization, proves that within ninety days after payment of the instrument, the claimant tendered repayment of the amount of the instrument to the person against whom the claim is asserted. Code § 8.3A-311(c). Glick Plumbing has not alleged any facts

claim.  There have been no claims that the check was submitted

fraudulently.  The evidence before the circuit court showed that

the check was tendered in good faith in order to settle the

disputed claim.

Because subsection (c) does not apply, the claim is

discharged if the person against whom the claim is asserted

proves that the "instrument or an accompanying written

communication contained a conspicuous statement to the effect

that the instrument was tendered as full satisfaction of the

claim."  Code § 8.3A-311(b).  The circuit court's approved

statement of facts states that Helton's cashier's check was

mailed to Glick's business address with an accompanying

explanatory letter.  Helton wrote, "Paid in Full" on the

cashier's check.  The letter made it clear that no more payments

would be made.  Before depositing Helton's check, Glick Plumbing

placed a line through the notation "Paid in Full" and wrote "No"

and "Balance Due $1,686.51" on the check, verifying Glick

Plumbing's knowledge of the language on the check.  Thus, we

hold that Glick Plumbing received a conspicuous statement to the

effect that Helton's check was being tendered as full

satisfaction of the claim.

that would support the application of this subsection in this
case.

6

The remaining issue is whether Glick Plumbing's alteration of the "Paid in Full" language on Helton's check allows Glick Plumbing to avoid a finding of an accord and satisfaction by showing that Glick Plumbing's acceptance of the check was for a partial payment only. We hold that it does not.

At common law, if the instrument is sent to the creditor with a statement that the amount is in full satisfaction of the claim and the creditor accepts it with knowledge of such condition, then an accord and satisfaction results. See Virginia-Carolina Elec. Works v. Cooper, 192 Va. 78, 81, 63 S.E.2d 717, 719 (1951). While some jurisdictions have held that the UCC allows a creditor to avoid an accord and satisfaction by altering the "Paid in Full" notation, in keeping with the majority view, we hold that the UCC does not change the common law, and that the common law does not allow acceptance with alteration of an instrument tendered in good faith as a full payment of the disputed debt. Sarah H. Jenkins, 13 Corbin on Contracts § 70.2, at 318-27 (Joseph M. Perillo, ed., rev. ed. 2003). See also Nizan v. Wells Fargo Bank Minn. N.A., 274 Va. 481, 491, 650 S.E.2d 497, 502 (2007) (under Code § 8.1A-103, unless displaced by the particular provisions of the UCC, common law doctrines are continued).

For these reasons, we hold that Helton proved an accord and satisfaction by use of an instrument. Accordingly, we will

7

reverse the judgment of the circuit court and enter final judgment in favor of Helton.

<u>Reversed and final judgment.</u>