PRESENT: Goodwyn, C.J., Mims, Powell, Kelsey, McCullough, and Chafin, JJ., and Koontz, S.J.

CALIFORNIA CONDOMINIUM ASSOCIATION

v. Record No. 201349

JOEL STEELY PETERSON, JR.

OPINION BY
JUSTICE D. ARTHUR KELSEY
MARCH 17, 2022

FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Glenn R. Croshaw, Judge

This appeal arises from the circuit court's dismissal of an action by a condominium association against the owner of two condominium units for unpaid special assessments. The circuit court granted the condominium owner's plea in bar, which asserted that the action was barred by the 36-month statute of limitations in former Code § 55-79.84(D).[1] Disagreeing with one aspect of the court's reasoning, we reverse and remand for further proceedings.

I.

In 2006, Joel Steely Peterson Jr. and his former wife jointly owned several condominium units managed by the California Condominium Association. In 2006, the Association made improvements to the condominium and assessed a pro rata share of the costs to each unit owner. After Peterson failed to pay the assessments on two of the condominium units, the Association recorded memoranda of liens against both units in May 2006 but failed to file any civil actions against Peterson or his former wife for payment of these assessments.

In 2015, Peterson and his former wife entered into a divorce settlement agreement that, among other things, required them as tenants by the entirety to convey the condominium units to

_____

[1] In 2021, the General Assembly amended Code § 55-79.84(D) and renumbered and recodified it as Code § 55.1-1966(D). *See* 2021 Acts ch. 489. Because the statutory language relevant to the present case has not changed, we will refer to the current statute throughout this opinion.

Peterson individually and required Peterson to hold his former wife harmless "for any liability, costs, and expenses she may incur as a result of Husband's failure to pay the mortgage and all other expenses related to the property." 1 J.A. at 97; *see also id.* (referring to "judgments" obtained by the Association "regarding these properties"). After becoming aware of this ownership transfer, the Association filed suit in 2017 against Peterson seeking (i) a nonjudicial foreclosure on the liens recorded against the condominium units in 2006 and (ii) damages against Peterson for breaching the "Declaration Establishing a Plan for Condominium Ownership of Premises Known as California Condominium," *id.* at 37-67, which, according to the Association, included a provision requiring Peterson to pay the overdue assessments at the time of the 2016 conveyance.

In response, Peterson filed a plea in bar asserting that the Association's cause of action for unpaid condominium assessments accrued in 2006 and that, as a matter of law, the 2017 claim could not survive either of the two potential statutes of limitation, Code § 55.1-1966(D) (governing enforcement of condominium liens) or Code § 8.01-246 (governing breach of contract). In response, the Association argued that Code § 55.1-1966(D) applies only to liens, not in personam claims. The limitation periods in Code § 8.01-246, the Association asserted, did not bar its 2017 civil action for three reasons: (i) the 2015 divorce settlement agreement created a "new promise" under Code § 8.01-229(G) requiring Peterson to pay the overdue condominium assessments; (ii) the approbate-reprobate doctrine precluded Peterson from relying on any statute of limitation; and (iii) Peterson breached a provision of the Declaration requiring payment of all outstanding assessments upon conveyance of the condominium units.

At the start of the evidentiary hearing on the plea in bar, the Association nonsuited its nonjudicial foreclosure claim and went forward solely on its in personam claim against Peterson

2

alleging that he breached the Declaration.[2] The Association's counsel presented the court with a binder of exhibits, which included the Declaration, documents related to the liens, court records, and various business records. Peterson's counsel did not object to the binder being used during witness examination but clarified that he reserved "all objections" to the exhibits if any of them were later offered into evidence. *Id.* at 418. "[T]o the extent that anything will be made an exhibit in evidence," Peterson's counsel clarified, "then we should take them up one by one." *Id.* The court agreed, stating that it would "simply lodge" the proposed book of exhibits and that "[t]here will be nothing admitted until we address the various documents as we go through this." *Id.* at 418-19.

At the hearing, the Association called three witnesses. Peterson called no witnesses. The witnesses provided mostly background information, much of which was unrelated to the legal issues raised by the plea in bar. Peterson's counsel made several continuing objections on this ground. "We're here on a plea in bar," counsel argued, "which is a matter of law." *Id.* at 447. There were multiple references by counsel and witnesses to various documents in the proposed exhibit binder, but no exhibits other than the memoranda of liens were offered and admitted into evidence at the hearing.

After the hearing, the court issued a letter opinion that was later incorporated by reference into the final order. Sustaining Peterson's plea in bar, the court rejected each of the Association's three arguments. Only one of those arguments, however, is now before us[3] — the

---

[2] The court's final order in this case dismissed the action "for the reasons set forth in the Court's Letter Opinion of May 15, 2020." 2 J.A. at 847. The letter opinion stated that the lien-enforcement count "was nonsuited" at the evidentiary hearing. *Id.* at 594.

[3] The Association's petition for appeal included assignments of error challenging the circuit court's rejection of the Association's "new promise" argument and its reliance on the approbate-reprobate doctrine. *See* Pet. for Appeal at 12. Our writ of error refused to consider

3

Association's contention that its claim against Peterson personally did not seek to enforce a lien subject to the limitation period of Code § 55.1-1966(D) but rather asserted an independent cause of action for damages that was timely filed under Code § 8.01-246. That claim accrued in 2016, the Association argued, when Peterson breached the Declaration's pay-upon-conveyance provision, which stated:

> Upon the sale or conveyance of a unit, all unpaid assessments against a unit owner for his pro rata share in the expenses of administration and of maintenance and repairs of the common elements and in any other expenses lawfully agreed upon by the unit owners association shall first be paid out of the sale price or by the purchaser in preference over any other assessment or charges . . . .

1 J.A. at 52. Concluding that it could not address this argument, the circuit court held:

> Finally, plaintiff makes various arguments regarding the bar of the statute of limitations that rely upon provisions of the Condominium Declaration for CCA. The Declaration as a whole was never admitted into evidence, nor were the provisions relied upon by plaintiff read into evidence by the parties, adopted by them in their testimony, or acknowledged as correct by them. Therefore, the court has no basis for considering [sic]

2 *id.* at 601. The last sentence ended without any punctuation or phrasal complement to the gerund "considering." Earlier statements in the letter opinion, however, confirm that the court "solely considered those provisions of the documents read into the evidence by the witnesses or, if read by counsel, agreed to by the witnesses as accurate." *Id.* at 596.

## II.

On appeal, the Association argues that the circuit court erred in holding that the Association's failure to introduce the Declaration into evidence at the ore tenus hearing precluded the court from deciding whether to grant or deny the plea in bar on this issue. We

these assignments of error. Under the law-of-the-case doctrine, these issues cannot be relitigated on remand. *See City of Charlottesville v. Sclafani*, 300 Va. 212, 218 (2021).

agree in part with the Association, reverse the court's holding that the Declaration could not be considered, and remand the case to the court for further proceedings.

A.

A plea in bar serves a unique function in our adversarial system. In one sense, it is wholly unlike a demurrer which merely "'tests the legal sufficiency of' the allegations in a complaint." *Our Lady of Peace, Inc. v. Morgan*, 297 Va. 832, 847 n.4 (2019) (quoting *Crosby v. ALG Tr., LLC*, 296 Va. 561, 567 (2018)). "Under modern practice, a plea in bar does not point out the legal insufficiency of allegations but rather demonstrates their irrelevance because of some other dispositive point — usually some affirmative defense such as the 'statute of limitations, res judicata, collateral estoppel by judgment, accord and satisfaction, or statute of frauds.'" *Id.*[4]

But in another sense, a plea in bar is partly like a demurrer. A plea in bar can raise an affirmative defense targeting solely the allegations of the complaint (assumed arguendo to be true), thus obviating any need for an evidentiary hearing. *See, e.g.*, *Massenburg v. City of Petersburg*, 298 Va. 212, 215-18 (2019); *Lostrangio v. Laingford*, 261 Va. 495, 497 (2001); *Tomlin v. McKenzie*, 251 Va. 478, 480-82 (1996); Kent Sinclair & Leigh B. Middleditch, Jr., Virginia Civil Procedure § 9.8, at 737-38 (7th ed. 2020).

As the present case illustrates, separating law from fact in the plea-in-bar context is no easy task. Some plea-in-bar arguments turn heavily on facts, such as pleas asserting that an accord-and-satisfaction occurred after the filing of a contract claim. *See, e.g.*, *Helton v. Phillip A. Glick Plumbing, Inc.*, 277 Va. 352, 354-58 (2009). Other plea-in-bar arguments turn

---

[4] For this reason, the party asserting a plea in bar bears the burden of production and persuasion. *See Forest Lakes Cmty. Ass'n v. United Land Corp. of Am.*, 293 Va. 113, 120 (2017).

primarily on law, such as a plea asserting the protections of sovereign immunity based solely on the allegations of the complaint. *See, e.g.*, *Massenburg*, 298 Va. at 215-17. And yet other plea-in-bar arguments can involve an admixture of disputed facts and law. *See, e.g.*, *Potter v. BFK, Inc.*, 300 Va. 177, 182-87 (2021); *Cole v. Norfolk S. Ry.*, 294 Va. 92, 104-06 (2017).

In this case, Peterson filed a plea in bar but did not request an evidentiary hearing and did not call any witnesses at the hearing requested by the Association. From Peterson's perspective, it did not matter which statute of limitations governed. None would permit the assertion of a 2006 cause of action in 2017, and no independent cause of action accrued as a matter of law after 2006. In his brief in support of the plea, Peterson stated his position clearly: "For purposes of this Plea In Bar Defendant assumes but does not admit the truth of the factual allegations set forth in the Amended Complaint." 1 J.A. at 142. He repeated this view during the evidentiary hearing. *See id.* at 424-40, 447, 506-09.

Tacking against the wind, the Association offered testimony in hopes of bolstering its argument that Peterson made a new promise in his divorce settlement agreement to pay the overdue assessments. Citing testimony from one of the witnesses, however, the circuit court considered this testimony and rejected the Association's argument on this issue. *See 2 id.* at 597-99. The Association also relied on testimony to support its argument that the approbate-reprobate doctrine precluded Peterson from raising a statute-of-limitations defense. Again, relying on testimony from the hearing, the circuit court rejected this argument. *Id.* at 599-601.

On the specific issue before us — whether the Declaration created an independent cause of action (thus triggering a new statute-of-limitations period) to pay overdue assessments when the condominium units were conveyed in 2016 — the Association offered no witness testimony. Nor did the Association seek to introduce into evidence any of the documents (except the lien memoranda) in the exhibit binder at the evidentiary hearing. The circuit court thought this

6

evidentiary failure doomed the Association's argument.[5]  But this conclusion assumed that it was necessary for the Association to produce witnesses or to secure the admission of exhibits in order to place this particular plea-in-bar issue before the circuit court.  To test this assumption, we must examine the context in which this particular issue arose.

Under Rule 1:4(i), a pleader's "mention in a pleading of an accompanying exhibit, of itself and without more, makes such exhibit a part of the pleading."  *See generally* W. Hamilton Bryson, Virginia Civil Procedure § 6.02[4][c], at 6-30 (5th ed. 2017).  The Declaration was "Exhibit 1" to the Association's amended complaint and was specifically referred to by the allegations of the complaint.  *See* 1 J.A. at 37-67.  The same is true of the 2016 conveyance deed as well as the settlement statement at closing.  *Id.* at 130-34, 126-29.  These documents were before the circuit court because Peterson stipulated that his plea in bar assumed arguendo the "factual allegations" in the amended complaint.  *Id.* at 142.  His argument was not that the Declaration was inauthentic, forged, or inaccurate — but rather that it was legally irrelevant because the cause of action referred to in the conveyance provision of the Declaration accrued years earlier in 2006.

On appeal, Peterson changes course and argues that once the evidentiary hearing started the circuit court could not address any of the Association's challenges to the plea in bar that did not involve factual issues raised during the witness testimony or in the exhibits that were not admitted into evidence.  The circuit court implicitly agreed with this view.  We do not.  There is

---

[5] It is a convenient practice to use such binders, but a circuit court has no obligation to sua sponte treat exhibits within a lodged binder as admitted evidence.  It does not matter that the documents are admissible under Rule 2:803 or that the opposing party conceded in response to requests for admission that the documents were relevant, genuine, and authentic, *see* Rule 4:11.  The admissibility of an exhibit is a legal abstraction.  The admission of an exhibit is a legal act that only a court can perform.

no need to offer evidence at an evidentiary hearing on issues that involve disputes of law

concerning undisputed facts alleged in a complaint.

A typical trial, after all, is not an all-or-nothing exercise: all fact and no law or all law

and no fact. It can be either or both depending on the nature of the dispute. The same is true of a

pretrial evidentiary hearing on a plea in bar. Simply holding an evidentiary hearing does not

convert all of the arguments for and against the plea in bar into factual disputes. An argument

asserting a purely legal bar to the pleaded facts, assumed arguendo to be true, can be and should

be decided in that manner — so, too, should a purely legal rejoinder to an argument offered in

support of a plea in bar. The circuit court, therefore, erred in refusing to consider the

Association's argument concerning the conveyance provision of the Declaration because it was

not admitted into evidence at the ore tenus hearing.

B.

We now turn to the question that the circuit court did not answer — whether Peterson's

alleged breach of the conveyance provision of the Declaration vested the Association with an

independent cause of action with a new accrual date for statute-of-limitation purposes. As a

general rule, we serve as "a court of review, not of first view," *Bailey v. Loudoun Cnty. Sheriff's

Office*, 288 Va. 159, 181 (2014) (quoting *Cutter v. Wilkinson*, 544 U.S. 709, 718 n.7 (2005)).[6]

Though we have the appellate discretion to decide legal issues for the first time on appeal, we

decline to do so in this case. Because this matter would benefit from further development on

remand, we will return the case to the circuit court with instructions to consider the exhibits to

the Association's amended complaint and to rule on the Association's argument that the

conveyance provision of the Declaration created an independent right of action accruing on the

---

[6] *See also Hunter v. Hunter*, 298 Va. 414, 436 (2020); *CVAS 2, LLC v. City of
Fredericksburg*, 289 Va. 100, 120 (2015).

8

date of the 2016 conveyance.  *See generally Kerns v. Wells Fargo Bank, N.A.*, 296 Va. 146, 160-61 nn.13-15 (2018); John E. Murray, Jr., 10 Corbin on Contracts §§ 53.1-53.16, at 2-109 (Joseph M. Perillo, ed., rev. ed. 2014 & Supp. 2021).

## III.

For these reasons, we vacate the circuit court's final order granting Peterson's plea in bar and remand the case for further proceedings.

*Reversed and remanded.*