# JOHN GRIER CONSTRUCTION COMPANY, ET AL.

### V.

# JONES WELDING & REPAIR, INC.

Record No. 880700

September 22, 1989

Present: All the Justices

*Gregory A. Giordano (Shuttleworth, Ruloff, Giordano & Kahle*, on brief), for appellants.

*Leslie D. Campbell, Jr. (Campbell and Campbell*, on brief), for appellee.

Justice Stephenson delivered the opinion of the Court.

In this appeal, we decide whether the trial court erred in rejecting a defense of accord and satisfaction.

John Grier Construction Company (John Grier), formerly Joseph S. Terrell, Inc., was the general contractor for the renovation of the Virginia War Memorial Carillon in Richmond, and Lumbermens Mutual Casualty Company (Lumbermens) was the surety on John Grier's bond. Jones Welding & Repair, Inc. (Jones Welding) was a subcontractor responsible for erecting structural steel on the project.

A dispute arose between Jones Welding and John Grier over the payment of two change orders to the original contract. John

Grier conceded that it owed Jones Welding $2,808.46 for a change order that had been approved by the project's architect, but refused to pay $4,455, the amount Jones Welding claimed under the two disputed change orders.

Thereafter, John Grier sent a check for $2,808.46 to Jones Welding. On the back of the check were these words: "These monies reflect payment in full on the Carillon project." Jones Welding's bookkeeper deposited the check in Jones Welding's bank account without manifesting any form of reservation of rights, objection, or protest. Jones Welding did not endorse the check and was unaware of the words that had been printed on the back of the check.

Subsequently, Jones Welding sued John Grier for the $4,455, and John Grier interposed a plea of accord and satisfaction. The trial court rejected the plea and entered judgment in favor of Jones Welding in the amount of $4,455. John Grier and Lumbermens appeal.

The burden is on a debtor to prove an accord and satisfaction. *See Atkins* v. *Boatwright*, 204 Va. 450, 454, 132 S.E.2d 450, 453-54 (1963). The "accord" is the agreement that a debtor will give and the creditor will accept something in settlement of a disputed claim. As with all agreements, there must be an offer and an acceptance, *i.e.*, "[t]he thing agreed to be given . . . in satisfaction must be offered and intended by the debtor as full satisfaction, and accepted as such by the creditor." *Virginia-Carolina Elec. Works* v. *Cooper*, 192 Va. 78, 80, 63 S.E.2d 717, 719 (1951). If either the giving or the acceptance in satisfaction be lacking, an accord and satisfaction cannot exist. *Atkins*, 204 Va. at 454-55, 132 S.E.2d at 454. Thus, an accord and satisfaction does not result "unless the debtor intends his offer as a satisfaction of the demand *and such intention is clearly made known to the creditor and accepted by the creditor in accordance with the debtor's intention.*" *Virginia-Carolina Elec. Works*, 192 Va. at 81, 63 S.E.2d at 719 (emphasis added).

"[A]cceptance of a check on which appears 'in full of account,' or words of like import, does not in fact close the account unless it was accepted with intelligent appreciation of its possible consequences, coupled with knowledge of all relevant facts." *Mercury Insurance Co.* v. *Griffith*, 178 Va. 9, 20, 16 S.E.2d 312, 316 (1941). "The question whether the acceptance of a check or other remittance by a creditor in payment of an indebtedness to him

amounts to an accord and satisfaction depends upon the circumstances surrounding the transaction, taking into consideration the conduct and declaration of the respective parties with relation thereto." *Kasco Mills* v. *Ferebee*, 197 Va. 589, 593, 90 S.E.2d 866, 870 (1956).

■ In the present case, the stipulated facts establish that Jones Welding was unaware of the words that John Grier had written on the back of the check. Obviously, Jones Welding could not have accepted an offer of which it was unaware.\* Consequently, mutual assent was lacking, and the parties could not have reached an accord.

John Grier contends, nonetheless, that the common-law requisites for an accord and satisfaction have been abrogated by the Uniform Commercial Code (U.C.C.) in transactions governed by the Code. Specifically, John Grier relies upon Code § 8.1-207, which states that "[a] party who with explicit reservation of rights performs or promises performance or assents to performance in a manner demanded or offered by the other party does not thereby prejudice the rights reserved. Such words as 'without prejudice,' 'under protest' or the like are sufficient." John Grier asserts that because Jones Welding deposited the "full payment" check without objection, protest, or reservation of rights, Jones Welding "is barred from recovering any monies in excess of the amount tendered."

■ Much controversy has arisen over the question whether U.C.C. § 1-207 applies to the "full payment" check situation and abrogates the common-law doctrine of accord and satisfaction. A small minority of jurisdictions hold that the provision changes the common law so that a creditor may endorse a debtor's final payment check "without prejudice and under protest," thereby preventing his actions from constituting an accord and satisfaction. *See, e.g., Horn Waterproofing Corp.* v. *Bushwick Iron & Steel Co., Inc.*, 497 N.Y.S.2d 310, 311 n.1, 312 n.3, 488 N.E.2d 56, 57 n.1, 58 n.3 (1985) (compiling legal literature dealing with

---

\* John Grier asserts, however, that the provisions of Code § 8.4-205 operate to imply Jones Welding's knowledge and acceptance of John Grier's full payment offer. We disagree.

That section, which permits a bank to provide a depositor's indorsement, "is designed to speed up collections by eliminating any necessity to return to a non-bank depositor any items he may have failed to indorse." Official Comment 1, Code § 8.4-205. Clearly, the section has no application to implying knowledge or acceptance of a full payment offer.

effect of U.C.C. § 1-207 upon common-law doctrine of accord and satisfaction and acknowledging that question has been much debated); *Scholl* v. *Tallman*, 247 N.W.2d 490 (S.D. 1976).

By the majority view, however, U.C.C. § 1-207 does not operate to supplant the common-law doctrine of accord and satisfaction. *See, e.g., Bivins* v. *White Dairy*, 378 So.2d 1122 (Ala. Civ. App. 1979); *Air Van Lines, Inc.* v. *Buster*, 673 P.2d 774 (Alaska 1983); *Pillow* v. *Thermogas Co. of Walnut Ridge*, 6 Ark. App. 402, 644 S.W.2d 292 (1982); *Connecticut Printers, Inc.* v. *Gus Kroesen, Inc.*, 134 Cal. App.3d 54, 184 Cal. Rptr. 436 (1982); *R.A. Reither Const., Inc.* v. *Wheatland Rural Elec. Ass'n*, 680 P.2d 1342 (Colo. App. 1984); *Stultz Elec. Works* v. *Marine Hydraulic Engineering Co.*, 484 A.2d 1008 (Me. 1984); *Chancellor, Inc.* v. *Hamilton Appliance Co., Inc.*, 175 N.J. Super. 345, 418 A.2d 1326 (1980); *State of Washington, Dept. of Fisheries* v. *J-Z Sales Corp.*, 25 Wash. App. 671, 610 P.2d 390 (1980); *Flambeau Products Corp.* v. *Honeywell Information Systems, Inc.*, 116 Wis.2d 95, 341 N.W.2d 655 (1984). *See generally*, 6 R. Anderson, *The Uniform Commercial Code*, § 3-408:56, -408:57 (3d ed. 1984); 1 W. Hawkland, *Uniform Commercial Code Series*, § 1-207:02 (1982).

 We believe the majority view is the sounder. Code § 8.1-103 provides that "[u]nless displaced by the particular provisions of this act, the principles of law and equity . . . shall supplement its provisions." Significant changes in or departures from decisional law ordinarily are highlighted in the comments. *See, e.g.*, Official Comment 2, Code § 8.3-408. Neither Code § 8.1-207 nor the comments thereto make any mention of displacing the common-law rules of accord and satisfaction. Indeed, official comment 1 states that "[t]his section provides machinery for the continuation of performance along the lines *contemplated by the contract* despite a pending dispute." (Emphasis added.) The comment indicates that the section was intended to address performance under the original contract. Thus, we conclude that the section has no effect on the doctrine of accord and satisfaction, which requires the replacement of the old agreement with a new contract of compromise. *Virginia-Carolina Elec. Works*, 192 Va. at 80-81, 63 S.E.2d at 719.

Accordingly, we will affirm the trial court's judgment.

*Affirmed.*