# CIRCUIT COURT OF THE CITY OF RICHMOND

Richard Reynolds

    v.

Tonya R. Adkins

March 16, 1990

Case No. LR 2871-1

By JUDGE ROBERT L. HARRIS, SR.

This case came before the court on February 8, 1990, on appeal from the General District Court. The court, after hearing oral argument and receiving the evidence took the case under advisement. I now find there was no accord and satisfaction in this case. Accordingly, the court hereby rules in favor of the plaintiff and will enter judgment in the amount of $774.94.

The facts which are determinative of the case are as follows. Wanda Reynolds and Tonya Adkins were involved in a traffic accident on October 21, 1988, resulting in damage to Wanda Reynolds's car. This car was insured by Harleysville Mutual Insurance Co. (Harleysville) under a policy issued to Richard Reynolds, the driver's husband. There is no evidence that Ms. Adkins was insured for this accident, and it was stipulated that Ms. Adkins was liable.

Harleysville paid its insured $1,500.06 for damages and brought suit against Ms. Adkins according to its rights as subrogee. On April 12, 1989, Ms. Adkins mailed a personal check to Harleysville in the amount of $725.00 marked "paid in full." On April 20, a hearing was held in General District Court at which time defendant (1) disputed in good faith the amount of damages and (2) believed that an oral offer was made in court by Harleysville to accept $1,100.00 as settlement of the claim. Acting on such belief,

on April 25, Ms. Adkins mailed a second personal check to Harleysville in the amount of $375.00 accompanied by a letter stating that she accepted Harleysville's settlement "offer" of $1,100.00 and that her checks were to be used together as payment. On April 27, Harleysville deposited the check for $725.00 and endorsed it "under protest, balance still due" upon advice of counsel.

On May 1, Tonya Adkins learned the $725.00 check was deposited and stopped payment on her $375.00 check. On May 17, Harleysville sent a letter to Ms. Adkins denying that any settlement offer was made and indicating that Harleysville intended to sue for the total amount paid to their insured less the $725.00 check.

Plaintiff Harleysville contends that it has preserved its rights by endorsing the $725.00 check "under protest, balance still due." Defendant asserts that depositing such check constituted an accord and satisfaction, thus barring any further recovery. Although neither argument is controlling here, the court will allow Harleysville to recover the remainder for reasons that follow.

Plaintiff's argument stems from § 8.1-207 of the Code of Virginia which states:

A party who with explicit reservation of rights performs or promises to perform or assents to performance in a manner demanded or offered by the other party does not thereby prejudice the rights reserved. Such words as "without prejudice," "under protest" or the like are sufficient.

Va. Code Ann. (1965).

The Virginia Supreme Court recently addressed this section's applicability to the "full payment" check situation in *John Grier Construction Co. v. Jones Welding & Repair, Inc.*, 238 Va. 270 (1989). The court noted that Code § 8.1-207 (Virginia's version of U.C.C. § 1-207) does not operate to supplant the common law doctrine of accord and satisfaction but was intended to enable continuation of performance of original contracts despite pending disputes. *See id.*, 238 Va. at 274. Since there was no original contract between plaintiff and defendant, § 8.1-207 does not apply here. Thus, the plaintiff did not automati-

cally reserve his rights of collection by endorsing the "full payment" check with the words "disputed, balance still due."

However, Harleysville may still recover because under the facts of this case, there was no accord and satisfaction. Accord and satisfaction is a method of discharging a cause of action, whereby the parties agree to give and accept something in settlement of a claim, the "accord" being the agreement and the "satisfaction" its execution. *Atkins v. Boatwright*, 204 Va. 450, 454, 132 S.E.2d 450, 454 (1963). Under the common law, acceptance may be implied. Generally where a creditor accepts a full-payment check with the knowledge of the debtor's intent that the check constitutes full satisfaction for a claim, then accord and satisfaction result. *Virginia-Carolina Elec. Works v. Cooper*, 192 Va. 78, 80-81, 63 S.E.2d 717, 719 (1951). However, the thing agreed to be given in satisfaction must be offered by the debtor as full satisfaction and accepted as such by the creditor. *John Grier*, 238 Va. at 272. If the giving or acceptance in satisfaction be lacking, an accord and satisfaction cannot exist. *Id.*

Virginia courts, although recognizing that legal consideration is not necessary for an accord and satisfaction, have held that acceptance of a full-payment check discharges the underlying obligation only where the creditor unconditionally accepts the check as payment in full. For example, in *M & B Construction Co. v. Mitchell*, 213 Va. 755, 195 S.E.2d 873 (1973), there was no accord and satisfaction where an employer handed an employee a check as full satisfaction of his wages to which the employee responded he expected more and cashed the check. Similarly, in *Atkins v. Boatwright*, there was no acceptance, express or implied, where a debtor tendered a full-payment check and the creditor communicated that it was not being accepted as such prior to depositing it.

The burden is on the debtor to show accord and satisfaction. *John Grier*, 238 Va. at 272. Acceptance of a check marked "full payment" or the like constitutes *prima facie* evidence but not conclusive evidence that the check was accepted as full settlement. *Kasco Mills v. Ferebee*, 197 Va. 589, 594, 90 S.E.2d 866, 870 (1956). Moreover, acceptance of a full-payment check does not close the account

unless it was "accepted with intelligent appreciation of its possible consequences." *John Grier*, 238 Va. at 272, (quoting *Mercury Insurance Co. v. Griffith*, 178 Va. 9, 20, 16 S.E.2d 312, 316 (1941)). Whether acceptance of a full-payment check amounts to an accord and satisfaction is a question of fact to be determined by the circumstances surrounding the transaction and the conduct of the parties. *Id.* at 273.

In the present case, Harleysville's acceptance of Ms. Adkins's full payment check was neither expressly or impliedly accepted as full satisfaction as shown by the conduct of the parties. It is not disputed that Harleysville ever expressly accepted the settlement as to $725.00, nor can it be reasonably implied. After receiving the full payment check, Harleysville and Ms. Adkins appeared at a hearing regarding the amount of liability at which time the company argued it was entitled to recover the entire $1,500.06. Following the hearing, Ms. Adkins forwarded a second check in an attempt to settle at $1,100.00, which settlement Harleysville refused. Thereafter, Harleysville, upon advice of counsel, deposited the first of two checks in its possession with the notation, "under protest, balance still due" and continued legal proceedings for the remainder.

Under these circumstances, I find there was no "meeting of the minds" as to the acceptance of $725.00 as full satisfaction. Although the law favors out-of-court compromise, the law favors genuine compromise arrived at through mutual agreement and understanding and not compromise fallen into inadvertently or haphazardly. I therefore hold that Harleysville is entitled to recovery in the amount of $774.94 against Ms. Adkins.