# CIRCUIT COURT OF THE CITY OF ROANOKE

John Bane et al.

v.

Sonshine Christian
Education Ministries, Inc.

Case No. CL96-1419

BY JUDGE ROBERT P. DOHERTY, JR.

February 6, 1997

Va. Code § 8.01-433 allows a confessed judgment to be set aside "on any ground which would have been an adequate defense or set off in an action at law ... ." The debtor reads this to mean that if he merely alleges a specific ground of defense, the confessed judgment will be set aside and the matter will thereafter be tried as if an action at law had been instituted upon the note. Under this interpretation, the creditor cannot reply to the debtor's allegation, as it is nothing more than a conclusion of law.

The better view of § 8.01-433 is that it requires not just the allegation of a ground of defense but that the actual grounds of defense be pleaded with the same specificity as demanded in an original motion for judgment. It would then be a simple matter to determine if the grounds of defense were sufficient to set the confessed judgment aside.

The Court also notes the debtor's allegation that the creditor breached its U.C.C. duty of good faith as a ground of defense. "Virginia law does not recognize a separate cause of action in tort for a party's breach of the obligation of good faith found in Code § 8.1-203 of the Uniform Commercial Code." *Charles E. Brauer Co. v. NationsBank*, 251 Va. 28, 33 (1996). "The breach of the implied duty [of good faith] under the U.C.C. gives rise only to a cause of action for breach of contract." *Brauer, supra* at 33. It may be that the debtor intended, by use of the "good faith" language, to allege a breach of

contract on the part of the creditor. If that was the intent, it should have been stated more clearly.

In order to put this case in its proper posture, the debtor will have ten days from the date of this opinion to amend its motion so that it conforms with this Court's interpretation of § 8.01-433. The motion, being a pleading, should also conform with Rule 1:4 of the Rules of the Supreme Court of Virginia. I will rule on the amended motion once it is received.

### March 6, 1997

The second point raised by Sonshine in its request for the Court to reconsider and modify the decision in this case deals with Sonshine's view that the Court has mistakenly characterized the *nature* of Sonshine's action. I fully recognize that Sonshine sees its Motion to Set Aside Confessed Judgment as merely an Answer to the original Motion for Judgment. I see it as more than that. It is a pleading designed to request that the Court's prior action of granting judgment be nullified, and it is a pleading designed to present allegations of fact in defense of the original action. If these allegations of fact amount to an adequate ground of defense, then the confessed judgment is to be set aside or modified, and the case proceeds as if Sonshine had filed a timely response to the original Motion for Judgment.

Since the Motion to Set Aside Confessed Judgment is a pleading, it must comply with the dictates of Rule 1:4 of the Rules of the Supreme Court of Virginia. Subsection (d) of Rule 1:4 reads as follows:

> Every pleading shall state the facts on which the party relies in numbered paragraphs, and it shall be sufficient if it clearly informs the opposite party of the true nature of the claim or defense.

In this case, the Motion to Set Aside Confessed Judgment does not "state the facts on which the party relies," nor does it "clearly inform the opposite party of the *true nature* of the claim or defense." It is in fact an extraordinary remedy. It asks the Court to set aside a judgment previously rendered. If the Court were to do so, it could affect priority of creditors and judgments and interest earned, and it could allow for a bankruptcy to intervene. To take this step, the Court needs to have something more than a mere allegation of a defense, it needs to have an allegation of facts.

Notwithstanding the above, Mr. Bird reminds the Court that it stated orally at the hearing on February 4, 1997, that if the pleading were to stand, Sonshine would be required to file a Bill of Particulars to set forth the facts upon which

it relies. The filing of an Amended Motion to Set Aside Confessed Judgment would remedy that situation.

The Court has not denied Sonshine's motion to set the judgment aside. It has only required that Sonshine amend its motion to allege sufficient facts so that the court can determine if the judgment should be set aside. The motion to reconsider and amend the previous opinion is denied. Sonshine will be given an additional ten days from the date of this opinion to file its Amended Motion to Set Aside Confessed Judgment.