Present:   All the Justices

CYNTHIA LINDSAY
                              OPINION BY JUSTICE LEROY R. HASSELL, SR.
v.  Record No. 991945              June 9, 2000

McENEARNEY ASSOCIATES, INC.

               FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                        William T. Newman, Jr., Judge

    The primary issue we consider in this appeal is whether a

contract that must be in writing pursuant to the statute of

frauds, Code § 11-2, may be modified by a parol agreement.

                                  I.

                                  A.

    This case was decided on a motion for summary judgment.

Therefore, we must adopt the facts and inferences from those

facts that are most favorable to the nonmoving party, Cynthia

A. Lindsay, unless those inferences are forced, strained, or

contrary to reason.  Levine v. Selective Ins. Co. of America,

250 Va. 282, 283, 462 S.E.2d 81, 82 (1995); Renner v.

Stafford, 245 Va. 351, 353, 429 S.E.2d 218, 220 (1993).

    Lindsay executed a written "Exclusive Right to Represent

Buyer Agreement" with McEnearney Associates, Inc., which gave

McEnearney Associates the exclusive right to represent Lindsay

in any real estate transactions for the purchase of a home.

The written agreement required Lindsay to pay McEnearney

Associates a commission of three percent of the sales price of

any residential real property that Lindsay purchased between August 13, 1997, and November 30, 1997.

Subsequently, Lindsay signed a sales contract for the purchase of property located at 2343 South Nash Street in Arlington County.  She negotiated the price and terms of the sale "on her own," and she purchased the property without the assistance of McEnearney Associates.  Lindsay claimed that she entered into an oral agreement with Loretta Connor, McEnearney Associates' sales associate.  Pursuant to the terms of that parol agreement, Lindsay claims that she was required to pay to McEnearney Associates a commission of one percent rather than three percent because Lindsay found the property that she purchased without the assistance of McEnearney Associates. She closed on the property, and a statement shows that McEnearney Associates received a commission of one percent. In response to requests for admission, Lindsay admitted that she did not sign a written modification of the "exclusive right to represent buyer agreement."

### B.

McEnearney Associates filed a warrant in debt against Lindsay in the Arlington County General District Court and alleged that Lindsay breached the written agreement.  Lindsay alleged in the general district court that McEnearney Associates breached the agreement, and she asserted that the

2

written contract had been orally modified. She asserted a defense of accord and satisfaction based upon the oral modification. Lindsay also filed a counterclaim, seeking a refund of an earnest money deposit on a real estate contract that was never accepted. The general district court entered a judgment in favor of Lindsay, and McEnearney Associates appealed the judgment to the circuit court for a trial de novo as permitted by Code §§ 16.1-106 and -107. Lindsay did not appeal the general district court's judgment denying her counterclaim.

McEnearney Associates filed a motion for summary judgment in the circuit court and asserted that it was entitled to judgment because the "exclusive right to represent buyer agreement" required that Lindsay pay McEnearney Associates a three percent sales commission in the event that Lindsay purchased residential property, that Lindsay purchased and closed upon such property, but she only paid a one percent commission to McEnearney Associates. Continuing, McEnearney Associates asserted that the written "exclusive right to represent buyer agreement" could not be modified orally. Responding, Lindsay asserted in the circuit court that the contract between the parties had been modified orally and that she had a viable defense of accord and satisfaction that could not be defeated by the statute of frauds. The circuit court

3

granted summary judgment in favor of McEnearney Associates, and Lindsay appeals.

II.

Code § 11-2, often referred to as the statute of frauds, states in relevant part:

> "Unless a promise, contract, agreement, representation, assurance, or ratification, or some memorandum or note thereof, is in writing and signed by the party to be charged or his agent, no action shall be brought in any of the following cases:
>
> . . . .
>
> "7. Upon any agreement or contract for services to be performed in the sale of real estate by a party defined in § 54.1-2100 or § 54.1-2101. . . ."

Code § 54.1-2100 defines real estate broker as

> "any person or business entity, including, but not limited to, a partnership, association, corporation, or limited liability corporation, who, for compensation or valuable consideration (i) sells or offers for sale, buys or offers to buy, or negotiates the purchase or sale or exchange of real estate . . . ."

Code § 54.1-2101 defines real estate salesperson as

> "any person, or business entity of not more than two persons unless related by blood or marriage, who for compensation or valuable consideration is employed either directly or indirectly by, or affiliated as an independent contractor with, a real estate broker, to sell or offer to sell, or to buy or offer to buy, or to negotiate the purchase, sale or exchange of real estate, or to lease, rent or offer for rent any real estate, or to negotiate leases thereof, or of the improvements thereon."

4

Lindsay argues that the statute of frauds does not apply to the written contract she signed with McEnearney Associates or, alternatively, that the statute of frauds has no application here because the contract has been fully performed.  We disagree.

The purposes of Code § 11-2 are to provide reliable evidence of the existence and terms of certain types of contracts and to reduce the likelihood that contracts within the scope of this statute can be created or altered by acts of perjury or fraud.  For example, we stated in Reynolds v. Dixon, 187 Va. 101, 106, 46 S.E.2d 6, 8 (1948), that

> "[t]he statute [of frauds] was founded in wisdom and sound policy.  Its primary object was to prevent the setting up of pretended agreements and then supporting them by perjury.  There is further a manifest policy of requiring contracts of so important a nature as the sale and purchase of real estate to be reduced to writing since otherwise, from the imperfection of memory and the honest mistakes of witnesses, it often happens either that the specific contract is incapable of exact proof or that it is unintentionally varied from its original terms."

Accord Wright v. Pucket, 63 Va. (22 Gratt.) 370, 373 (1872).

We held in Heth's v. Wooldridge's, 27 Va. (6 Rand.) 605, 609-11 (1828), that the statute of frauds rendered unenforceable an oral modification of a written contract for the sale of land.  Explaining our holding, we stated that the parol modification of an agreement required to be in writing

5

by the statute of frauds would permit "the very mischiefs which the statute meant to prevent." Id. at 610.

The written contract that Lindsay executed with McEnearney Associates falls within the scope of Code § 11-2 because the contract is an agreement for services to be performed in the sale of real estate by a real estate broker and a real estate salesperson. Applying our established precedent, we hold that when, as here, a contract is required to be in writing pursuant to Code § 11-2, any modification to that contract must also be in writing and signed by the party to be charged or his agent.

It is true, as Lindsay observes, that in certain circumstances written contracts, even those that contain prohibitions against unwritten modifications, may be modified by parol agreement. See Reid v. Boyle, 259 Va. 356, 369-70, 527 S.E.2d 137, 145 (2000). This principle, however, does not apply to an agreement which must be in writing to satisfy Code § 11-2.

We find no merit in Lindsay's contention that the statute of frauds does not apply to her agreement with McEnearney Associates because the agreement has been fully performed. The agreement has not been fully performed because, as Lindsay admitted in the circuit court, she failed to pay McEnearney

Associates three percent of the sales price of the real property she purchased.

Lindsay argues that the circuit court erred by ruling that the statute of frauds barred the presentation of her evidence of an accord and satisfaction as a defense to McEnearney Associates' breach of contract claim. We disagree.

We have discussed the following principles of accord and satisfaction which are equally pertinent here:

> " 'Accord and satisfaction is a method of discharging a contract or cause of action, whereby the parties agree to give and accept something in settlement of the claim or demand of the one against the other, and perform such agreement, the "accord" being the agreement, and the "satisfaction" its execution or performance.'
> " 'The thing agreed to be given or done in satisfaction must be offered and intended by the debtor as full satisfaction, and accepted as such by the creditor.'
> " 'Thus an accord and satisfaction is founded on contract embracing an offer and acceptance. The acceptance, of course, may be implied, and as a general rule, where the amount due is unliquidated, i.e., disputed, and a remittance of an amount less than that claimed is sent to the creditor with a statement that it is in full satisfaction of the claim, or is accompanied by such acts or declarations as amount to a condition that if accepted, it is accepted in full satisfaction, and the creditor accepts it with knowledge of such condition, then accord and satisfaction results.' "

Virginia-Carolina Elec. Works, Inc. v. Cooper, 192 Va. 78, 80-81, 63 S.E.2d 717, 718-19 (1951) (citations omitted); accord John Grier Constr. Co. v. Jones Welding & Repair, Inc., 238 Va. 270, 272, 383 S.E.2d 719, 720-21 (1989).

7

We hold that the statute of frauds does not permit Lindsay to establish a defense of accord and satisfaction. The purported contract that constitutes the accord is predicated upon the existence of an oral modification of Lindsay's written "exclusive right to represent buyer agreement" with McEnearney Associates.  Yet, as we have already stated, Code § 11-2 requires that any modifications to that contract must be in writing.  Thus, Lindsay cannot assert the defense of accord and satisfaction based on a contract that violates the statute of frauds.  Approval of this defense in these circumstances would permit Lindsay to circumvent the statute of frauds.

In view of our holdings, we need not consider Lindsay's remaining contentions.  Accordingly, we will affirm the judgment of the circuit court.

<u>Affirmed</u>.