## CIRCUIT COURT OF FAIRFAX COUNTY

Burdette Smith Group, P.C.

v.

James T. Elza

August 2, 2004

Case No. (Law) 221377

BY JUDGE R. TERRENCE NEY

This matter came before the Court on July 2, 2004, pursuant to Defendant James T. Elza's Motion to Set Aside the Confessed Judgment entered against him in favor of the Plaintiff, Burdette Smith Group, P.C., on March 12, 2004.

*Facts*

On July 6, 2001, as part of a noncompete and nonsolicitation agreement with The Burdette Smith Group, P.C. (" Burdette" ), former Burdette employee Defendant James Elza executed a $47,940.15 promissory note (" Note" ) for the right to keep certain Burdette clients. *See Promissory Note*, attached as Exhibit 1 to *Plaintiff's Motion to Strike Defendant's Motion to Set Aside Confession of Judgment*. The promissory note itself is dated July 10, 2001. Under the terms of the Note, Elza was to make forty-eight payments of $998.75 until July 9, 2005, when the balance was to be paid in full. *See Promissory Note*, & 1.

The Note included an acceleration clause which could be triggered upon Elza's failure to make a payment,[1] and a waiver clause whereby Elza consented to "any extension of the time for payment of this Note and any other indulgence or forbearance by Holder." *See Promissory Note*, & 9(e). The Note

---

[1] *See Promissory Note* & 7, attached as Exhibit 1 to *Plaintiff's Motion to Strike Defendant's Motion to Set Aside Confession of Judgment*.

also contained a confession of judgment clause, whereby Elza appointed Burdette's attorney Cathleen Schmidt Gormley to confess judgment on his behalf if he failed to carry out any of the terms of the Note. *See Promissory Note*, & 11.

In July 2003, Elza informed Burdette he was having cash flow problems and requested a new payment schedule. *See E-mail Correspondence dated September 24, 2003*, attached as Exhibit 2 to *Plaintiff's Motion to Strike Defendant's Motion to Set Aside Confession of Judgment*. Burdette replied that, if Elza was not current by October 2003, Burdette would exercise its options under the Note. *Id.*

On January 28, 2004, Elza sent Burdette a new note payable schedule, adjusted to reflect the fact that he was no longer working with one of the clients in their agreement and that his billings for two other clients had also changed. *See January 28, 2004, Correspondence*, attached as Exhibit 3 to *Plaintiff's Motion to Strike Defendant's Motion to Set Aside Confession of Judgment*. In addition, Elza claimed that Burdette had agreed to adjust the promissory note based on these types of adjustments and, given said adjustments, that the balance due was only $1,401.25. *Id.*

On January 30, 2004, Burdette disagreed with an "agreed to" reduction in the principal balance due under the Note. *See E-mail Correspondence dated January 30, 2004*, attached as Exhibit 4 to *Plaintiff's Motion to Strike Defendant's Motion to Set Aside Confession of Judgment. See also March 1, 2004, Correspondence*, attached as Exhibit 5 to the *Plaintiff's Motion to Strike Defendant's Motion to Set Aside Confession of Judgment*.

On March 1, 2004, Burdette received a check from Elza dated February 10, 2004, in the amount of $998.75 marked "promissory note final paid in full." *See Copy of Canceled Check*, attached as Exhibit A to *Defendant's Motion to Set Aside Judgment Pro Confesso*. That same day, Gormley, writing on Burdette's behalf, responded that, although Burdette received the check, it did not accept Elza's payment of $998.75 as a full discharge of the debt. In addition, Gormley informed Elza that $16,978.75[2] was still due and owing and that Burdette expected the usual monthly payments with no further extensions or delays. *See March 1, 2004, Correspondence*, attached as Exhibit 5 to *Plaintiff's Motion to Strike Motion to Set Aside Confession of Judgment and Memorandum in Support*.

On March 3, 2004, Burdette cashed Elza's check and applied it toward his February payment.[3] After not receiving Elza's March payment, Gormley

---

[2] Elza also agreed that the amount originally due under the Note was $16,978.75. *Id.*

[3] *Id.* In its letter to Elza, Gormley, on behalf of Burdette, indicated that Burdette "received today your February payment of $998.75 which was due on February 10, 2004. No provision of this Note provides for set-off or reduction. Your assertion that the Note is subject to set-off for

confessed judgment on Elza's behalf for $15,980.00 on March 12, 2004. *See Order of Confessed Judgment* dated March 15, 2004.

On March 15, 2004, Burdette refunded Elza his February 10, 2004, "final payment" in order to "avoid any confusion" and to "clearly indicate" that it was not accepting his check as an accord and satisfaction under Virginia Code § 8.3A-311(c)(2). *See March 15, 2004, Correspondence,* attached as Exhibit 6 to *Plaintiff's Motion to Strike Defendant's Motion to Set Aside Confession of Judgment.* See also *infra.*

On March 19, 2004, Elza filed a Motion to Set Aside Judgment Pro Confesso on the grounds that he had "paid [the] debt in full."

On March 23, 2004, Burdette filed its Motion to Strike the Defendant's Motion to Set Aside[4] on the grounds that Elza has failed to present an adequate defense to Burdette's claim, as Elza's tender of $998.75 was clearly not "payment in full" of the outstanding debt, the notation on the check notwithstanding.

On July 2, 2004, during oral argument, Elza supplemented his defense by alleging accord and satisfaction and an oral modification to the parties' initial agreement. After argument, the Court took the matter under advisement and requested additional memoranda from the parties.[5]

*Analysis*

The issue before the Court is whether Elza has stated a ground that would be an "adequate defense" to the underlying action on the promissory note.

Section 8.01-433 of the Virginia Code provides for the setting aside of a confessed judgment "on any ground which would have been an *adequate defense* or setoff in an action at law instituted upon the judgment creditor's note ... upon which such judgment was confessed."

In determining whether Elza has established an "adequate defense" pursuant to § 8.01-433, the Court notes that the *merits* of the defense "are not at issue in the motion to set aside a confessed judgment; rather § 8.01-433 is invoked 'if the pleadings on their face assert an adequate defense'." *Ali v. TeleScience International, Inc.*, 64 Va. Cir. 60, 62 (Fairfax County 2004)

---

failure to collect from clients is not accurate and my client does not accept *this February payment* as payment in full." (Emphasis added.)

[4] Defendant Elza initially noticed his Motion to Set Aside for March 26, 2004, but due to a scheduling conflict among counsel, the matter was removed from the Court's docket. After the Defendant failed to re-notice his motion, Gormley on behalf of the Plaintiff filed a Motion to Strike in order to get the matter back on the Court's docket.

[5] In his supplemental memorandum, Elza essentially asserts that, had Burdette not accepted the February 10, 2004, final payment, he would have asserted fraud in the procurement of the Note.

(quoting *FWB Bank v. R.S.Q. Associates*, 31 Va. Cir. 74 (Fairfax County 1993)). Although the Supreme Court of Virginia has never defined "adequate defense" in this context, Virginia Courts have held that, in order to set aside a judgment previously rendered, the Court needs to have something more than a mere allegation of a defense; it needs to have an allegation of facts. *Bane v. Sonshine Christian Education Ministries, Inc.*, 41 Va. Cir. 363 (City of Roanoke 1997) (As the Motion to Set Aside Confessed Judgment is a pleading, "it must comply with the dictates of Rule 1:4 of the Rules of the Supreme Court of Virginia." ); see also *Trimark Partners, L.L.C. v. HST, L.L.C.*, 39 Va. Cir. 415 (Fairfax County 1996) (" [A] debtor must allege and present sufficient evidence to establish a basis for a reasonable trier of fact to find an adequate defense to the plaintiff's claim." )

Applying these principles here, the Court turns to the pleadings to determine whether the defense of accord and satisfaction is available to Elza on the facts as pleaded.

In support of its Motion to Set Aside the Confessed Judgment, Elza alleges that the underlying debt was paid in full to Burdette, evidenced by the canceled check dated February 10, 2004, made out to Burdette in the amount of $998.75 and marked "paid in full." *See Exhibit A*, attached to Defendant's Motion to Set Aside Judgment Pro Confesso. Elza further alleges in his supplemental memorandum[6] that these facts alone are sufficient to make out a prime facie case of accord and satisfaction[7] and thus establish an adequate defense to the plaintiff's claim.

In support of this latter contention, Elza cites to the Supreme Court of Virginia's decision in *Gelles & Sons General Contracting, Inc. v. Jeffrey Stack, Inc.*, where the Court, in interpreting § 8.3A-311 of the Virginia Code,

---

[6] The Court deems the supplemental memoranda, filed at the Court's request, to be "pleadings" for purposes of § 8.01-433 of the Code.

[7] Accord and satisfaction is a method of discharging a contract or cause of action, whereby the parties agree to give and accept something in settlement of the claim or demand of the one against the other, and perform such agreement, the "accord" being the agreement, and the "satisfaction" its execution or performance. *Virginia-Carolina Elec. Works v. Cooper*, 192 Va. 78, 63 S.E.2d 717 (1951); *accord John Grier Constr. Co. v. Jones Welding & Repair, Inc.*, 238 Va. 270, 383 S.E.2d 719 (1989). The thing agreed to be given or done in satisfaction must be offered and intended by the debtor as full satisfaction and accepted as such by the creditor. *Id.* Thus, an accord and satisfaction is founded on contract embracing an offer and acceptance. *Id.* The acceptance may be implied, and as a general rule, where the amount due is unliquidated, i.e., disputed, and a remittance of an amount less than that claimed is sent to the creditor with a statement that it is in full satisfaction of the claim, or is accompanied by such acts or declarations as amount to a condition that, if accepted, it is accepted in full satisfaction and the creditor accepts it with knowledge of such condition, then accord and satisfaction results. *Id.* *See also* Va. Code Ann. §§ 8.3A-311(a) and (b).

held that "the giving and acceptance of a check is prima facie evidence that the check constituted 'payment in full' of the disputed amount." *Gelles & Sons General Contracting, Inc. v. Jeffrey Stack, Inc.*, 262 Va. 285, 290, 569 S.E.2d 406, 408 (2002). The Court further held that, once the requirements of § 8.3A-311(a) and (b) are met,[8] "an accord and satisfaction is presumed."[9]

In response, Burdette argues that, here, unlike in *Gelles*, the check tendered by Elza in the amount of $998.75 as full satisfaction of the claim was not done so in good faith, as Elza himself previously indicated that the amount he believed was due and owing to Burdette was $1,401.25. See *supra*. Thus, in looking at "the circumstances of the transaction and the conduct of the parties,"[10] Burdette argues that the amount tendered by Elza was clearly not intended as full payment nor ever considered the amount due under the contract.

In addition, Burdette argues that at no time did it consider Elza's February payment of $998.75 as full payment of the debt, as evidenced by its re-tender of Elza's check within ninety days of payment. *See* Va. Code Ann. § 8.3A-311(c), which provides that "a claim is not discharged under subsection (b) if ... (2) the claimant ... proves that within ninety days after payment of the instrument, the claimant tendered repayment of the amount of the instrument to the person against whom the claim is asserted."

Although Burdette's assertions regarding the intent of the parties with respect to the February payment may have merit, this case is not in the proper posture to determine it on the merits. The intent of the parties is a question of fact, the resolution of which must be reserved for trial. Thus, in considering only the facts as alleged in the pleadings, including the canceled check, the Court finds that Elza has alleged an adequate defense of accord and satisfaction of the underlying debt.

Notwithstanding the adequacy of the accord and satisfaction defense, Burdette argues that such a defense is not available where, as here, it is predicated on the existence of an oral modification of an agreement subject to

---

[8] To establish accord and satisfaction under the statute, the person against whom a claim is asserted must prove that "(i) the person in good faith tendered an instrument to the claimant as full satisfaction of the claim, (ii) the amount of the claim was unliquidated or subject to a bona fide dispute, and (iii) the claimant obtained payment of the instrument, the following subsections apply." See Va. Code Ann. § 8.3A-311(a). Section 8.3A-311(b) further provides that "unless subsection (c) applies, the claim is discharged if the person against whom the claim is asserted proves that the instrument or an accompanying written communication contained a conspicuous statement to the effect that the instrument was tendered as full satisfaction of the claim."

[9] *Id.*

[10] *Gelles*, 262 Va. at 291, 569 S.E.2d at 408.

the statute of frauds. *See* Va. Code Ann. § 11-2, often referred to as the statute of frauds; *see also Lindsay v. McEnearney Associates, Inc.*, 260 Va. 48, 531 S.E.2d 573 (2000).

The Note Elza executed with Burdette clearly falls within the scope § 11-2 of the Virginia Code because it is a credit agreement in an aggregate amount of more than $25,000[11] and is one not to be performed within a year. *See* Va. Code Ann. § 11-2(8) (2003). When a contract is required to be in writing pursuant to § 11-2 of the Virginia Code, such as the Note here, any modification to that contract must also be in writing and signed by the party to be charged or his agent. *Lindsay v. McEnearney Associates, Inc.*, 260 Va. 48, 53, 531 S.E.2d 573, 575-76 (2000).

In response, Elza argues that the statute of frauds has no application because the basis of his dispute at the time he offered the check in accord was *not* oral modification of the Note, but rather fraudulent inducement to sign the contract. Elza further asserts that had Burdette *not* cashed the February check, thereby creating satisfaction of the debt, Elza *would have* raised fraudulent inducement as his legal defense.

Elza's principal defense at the set-aside hearing was that of accord and satisfaction, which, as now noted from his memorandum, is premised on the alleged understanding between the parties as to the payment obligations of the Note. Thus, § 11-2 of the Virginia Code, which requires that any modifications to that contract be in writing, may or may not be applicable. The Court observes that the Note does contain a merger and/or integration clause.

If there was no written modification to the payment schedule under the Note, the statute of frauds does not permit Elza to establish a defense of accord and satisfaction. Approval of this defense under these circumstances would permit Elza to circumvent the statute of frauds.[12]

Yet if Elza asserts, not that the Note was modified, but that it was fraudulently procured pursuant to an understanding that the Note was subject to adjustments, then the statute of frauds is not implicated. In either instance, evidence is required.

## Conclusion

Although Elza's case may be a difficult one to prove, especially in light of the documentation attached by Burdette to its memoranda, such is not the test. Unless it is *clear* from the pleadings that the defense asserted is not adequate

---

[11] *See* Va. Code Ann. § 11-2(9) (2003).

[12] The Court does not opine on the applicability of the parol evidence rule, which in the absence of fraud, precludes the admissibility of oral statements to contradict the terms of a written agreement. *See Chesterfield v. Southern Associates, Inc.*, 228 Va. 175, 320 S.E.2d 339 (1984).

because it is either insufficiently pleaded or fails as a matter of law, the statute requires that the confessed judgment be set aside.[13] Here it is not clear that a trier of fact would reject the defenses asserted, namely, accord and satisfaction based upon the parties' understanding of their arrangement as to the computation of the billings, which though unartfully pleaded are sufficiently understandable.

For these reasons, the Defendant's Motion to Set Aside the Judgment Pro Confesso is granted. The matter is to be placed on the trial docket schedule.

*Order*

This matter came before the Court on July 2, 2004, pursuant to Defendant James T. Elza's Motion to Set Aside the Confessed Judgment entered against him in favor of the Plaintiff, Burdette Smith Group, P.C., on March 12, 2004. For the reasons stated in this Court's opinion letter dated August 2, 2004, which is attached hereto and made a part hereof, the Defendant's motion is hereby granted. The Court notes the Plaintiff's exceptions to this Order.

---

[13] Although Burdette claims it will be prejudiced by having to go to trial, the Court notes that under the terms of the Note, should Burdette prevail at trial, it is entitled to recover its reasonable attorney's fees incurred for the collection of the Note. *See Promissory Note & 6.*