## CIRCUIT COURT OF FAIRFAX COUNTY

Lewis Farsedakis

v.

Exus Global, Inc.

July 15, 2005

Case No. (Law) 216106

BY JUDGE GAYLORD L. FINCH, JR.

This matter came before the Court on Defendant Exus Global's motion to set aside a default judgment. The hearing took place on June 23, 2005, at which time each party presented evidence and testimony. All exhibits, testimony, and arguments have now been reviewed and the Court makes the following finding of fact and conclusions of law.

*Background*

Defendant Exus Global, Inc., n/k/a Exus Networks, Inc. (Exus), a Nevada corporation, employed the Plaintiff Lewis Farsedakis in Virginia beginning in January 2003. That employment was governed by an employment agreement signed by Isaac Sutton, President and CEO of Exus, and by Farsedakis. Employment commenced January 1, 2003, and Farsedakis was to be paid $120,000 per year. Farsedakis worked for Exus from January 1, 2003, until March 15, 2003, at which time he stopped working for Exus because he had not been paid a salary as called for in the employment agreement.

On July 29, 2003, Farsedakis filed a Motion for Judgment against Exus alleging breach of the employment agreement. On August 6,

2003, service was made by the State Corporation Commission which filed a Certificate of Compliance. On September 5, 2003, a letter was mailed to Defendant putting it on notice of the default. On October 21, 2003, a Final Order of Default was entered against the Defendant in the amount of $71,414.55 plus costs of $106.00 and interest. On March 26, 2004, an Amended Final Order was entered correcting the Defendant's name.

On June 8, 2005, Exus moved to set aside the default judgment on the grounds of accord and satisfaction alleging that Exus had offered and Farsedakis had accepted stock in Exus in lieu of any outstanding compensation.

*Analysis*

Exus in their motion to set aside the default judgment argues that a dispute arose between Exus and Farsedakis as to the amount of compensation Exus owed Farsedakis when he left his employment in March of 2003. Exus claims that it issued stock to Farsedakis in settlement of this compensation dispute and that Farsedakis accepted the stock in satisfaction on all compensation claims. As evidence of this accord and satisfaction, Exus turns to the employment agreement which called for the issuance of 2,500,000 shares of Exus stock to Farsedakis but only if he remained with the company until June 30, 2003. Since Farsedakis did not remain with Exus until June 30, 2003, and since the stock was issued to Farsedakis anyway, Exus argues that the stock had to have been issued in satisfaction of Farsedakis' compensation claims.

Va. Code § 8.01-428(A) recognizes three grounds for setting aside a default judgment: (1) fraud on the court; (2) a void judgment; and (3) on proof of accord and satisfaction. Va. Code § 8.01-428. Accord and satisfaction occurs when the parties agree to give and accept something in settlement of the claim or demand and subsequently perform such agreement, the accord being the agreement and the satisfaction being the execution or performance. *Lindsay v. McEnearney Assocs.*, 260 Va. 48, 54, 531 S.E.2d 573 (2000). It exists when one party intends its offer as a satisfaction of the demand and such intention is clearly made known to the other party and accepted by that party in accordance with the offering party's intention. *John Grier Constr. Co. v. Jones Welding & Repair, Inc.*, 238 Va. 270, 272, 383 S.E.2d 719 (1989). The Defendant has the burden to prove that there was an offer and an acceptance of an agreement, which settled the disputed claim. *Virginia-Carolina Elec. Works v. Cooper*, 192

Va. 78, 81, 63 S.E.2d 717 (1951).

Exus had the burden to prove an agreement and that Farsedakis had accepted the agreement. "An accord and satisfaction does not result unless the debtor intends his offer as a satisfaction of the demand and such intention is clearly made known to the creditor and accepted by the creditor in accordance with the debtor's intention." *Id.* at 80-81. It was up to Exus to provide evidence that they had presented such an agreement to Farsedakis, that the agreement outlined Exus' intention that the issuance of stock be in complete satisfaction of the disputed compensation claims and that Farsedakis knew that the stock issuance was intended as such. Exus presented no such evidence beyond a mere assumption that, pursuant to the employment agreement, the stock could not have been issued for any other reason.

Exus was also required to prove that Farsedakis accepted the stock in lieu of the disputed compensation. There must be some evidence that the offer was accepted "with intelligent appreciation of its possible consequences." *Mercury Ins. Co. v. Griffith*, 178 Va. 9, 20, 16 S.E.2d 312 (1941). Proof of both the giving and the acceptance in satisfaction are essential, and "if either be lacking there can be no accord and satisfaction." *Virginia-Carolina Elec. Works* at 81. Again Exus presented no evidence that Farsedakis accepted the stock in satisfaction of his compensation claim but relied solely on the issuance of the stock to try and prove an agreement.

The acceptance of an offer may sometimes be implied but that usually only arises where the amount due is in dispute, the remittance is less than the claimed amount, it is sent to the creditor with a statement that it is in full satisfaction of the claim or is accompanied by a condition that, if accepted, it is accepted in full satisfaction, and the creditor accepts it with knowledge of such condition. *Id.* This does not apply in the case a bar since Exus did not provide evidence that they clearly offered the stock in full satisfaction of the compensation claim, that acceptance of the stock was conditioned on acceptance of that satisfaction, or that Farsedakis accepted the stock knowing of Exus' intention that it satisfy the compensation claim.

## Conclusion

It was Exus' burden to prove that the stock was issued to Farsedakis as an offer to settle the disputed compensation claims and that Farsedakis, with clear understanding of Exus' intention, accepted the offer. Exus did

not present sufficient evidence to prove any of these points and as such Exus' motion to set aside the default judgment is denied and judgment is held in favor of Lewis Farsedakis in the amount of $71,414.55 plus costs of $106.00 and interest.