# CIRCUIT COURT OF PRINCE WILLIAM COUNTY

Nicole Andrews

 v.

Frank Andrews,
Jason Wellen,
Farooq Cheema,
Nichole Griffith,
and John Doe

April 14, 2010

Case No. CL 0407927100

BY JUDGE WILLIAM D. HAMBLEN

 This matter was taken under advisement by the court after oral argument was received March 29, 2010, in support of and opposing the pleas in bar previously interposed by the defendants Doe and Cheema. The pleas in bar are similar in that both are posited upon the assertion that both defendants had arrived at separate accords with the plaintiff regarding the cause of action pleaded herein. The defendants farther aver that they have fully performed all duties incumbent upon them under the terms of the accords. This being so, the defendants argue, this lawsuit must be dismissed.

At the hearing held on the pleas, both defendants Doe and Cheema, as well as the plaintiff adduced evidence, both *ore tenus* and documentary. In addition "Agreed Stipulations of Fact" were offered, received, and made part of the record herein. Counsel argued their respective positions and offered authority in support thereof. After having reviewed same, the following findings of fact and conclusions of law, which I believe to be fully dispositive of the pleas in bar, are submitted.

In addition to the stipulated facts, the evidence established that, as it pertains to the defendant Doe, Nationwide Insurance Company was the uninsured/underinsured carrier for the plaintiff under a policy issued to her parents. An employee of Nationwide testified and, though she had had little or no experience with the claim, was able to identify a number of documents pertaining thereto maintained by Nationwide. Among these was a series of letters from Stephen Conrad, a former member of the bar, written in his capacity as counsel for the plaintiff, responses thereto from Nationwide, and a copy of a check made payable to Conrad and the plaintiff.

The witness testified that, despite Nationwide's demand for a signed release, none was found in the file. Despite the check being made payable to Conrad and the plaintiff, she saw only one endorsement on it. The only letter written by Conrad and offered by the defendant that contained any specifics bearing on the terms of the settlement was his letter of March 27, 2006. Addressed to Nationwide, this letter reads in relevant part:

> Thanks for returning my call today, I do believe at some point Nationwide must conclude with the multiple plates installed in my client [sic] face and the permanent scaring [sic] and disfigurement along with continuous surgeries she will be facing that this is a claim that indeed should rise to the level of full offer under $100,000.00 um policy. Please advise me as to Nationwide [sic] position on this in that Med-life [sic] has been willing to tender there [sic] policy.

Letter from Stephen T. Conrad, Esq., P.C., to Richard Romine, Nationwide Insurance Company (Mar. 27, 2006), Def. Doe's Ex. I from Mar. 29, 2010, hearing.

Defendant Doe introduced as an exhibit a copy of a check drawn by Nationwide in the amount of $50,000.00 and dated after the date of the above letter. This was made payable to "Stephen T. Conrad, Esq., and

Nicole Andrews, his client." The reverse side of the check bears indicia of negotiation and one illegible endorsement, underneath which appears a group of wholly illegible words.

As relevant to the defendant Cheema, the evidence adduced at the hearing on the pleas in bar was similar, with two notable differences. First, there was a consonance in the demand for settlement made by Conrad and the amount for which the check offered in support of the defendant's plea was drawn. Second, the insurance company had demanded and received a release prior to issuance of the check. This release cited the same settlement amount, *viz.* $30,000.00, as had been featured in the settlement demand and for which the check had been drawn. The copy of the release introduced bore the purported signatures of both Conrad and his client. The evidence presented at the hearing on the pleas in bar established, however, that the ostensible signature of the client was in fact a forgery.

An accord and satisfaction is a method of resolving a cause of action by which the parties thereto agree to give and accept something in settlement of it. *Lindsay v. McEnearney Assocs.*, 260 Va. 48, 54, 531 S.E.2d 573 (2000) (quoting *Virginia-Carolina Elec. Works, Inc. v. Cooper*, 192 Va. 78, 80-81, 63 S.E.2d 717 (1951) (citation omitted)); *accord John Grier Constr. Co. v. Jones Welding & Repair, Inc.*, 238 Va. 270, 272, 383 S.E.2d 719 (1989). It is a contract, and its efficacy is to be resolved based upon application of principles of contract law, including congruity of offer and acceptance. *Lindsay*, 260 Va. at 54 (citation omitted); *accord John Grier Constr. Co.*, 238 Va. at 272. Where the offer or acceptance is made by an agent, the law requires a showing that it was made with the requisite authority in order for it to bind a principal for whom the agent purportedly has spoken. *See Walson v. Walson*, 37 Va. App. 208, 556 S.E.2d 53 (2001) (reversing trial court's decision that wife was bound by her attorney's signature on a property settlement agreement when the attorney lacked actual, implied, or apparent authority to accept the terms of negotiation or execute the agreement). The pleas in bar here at issue may be resolved in accordance with these basic principles of contract and agency law.

With respect to the plea in bar by the defendant Doe, the evidence fails to establish with sufficient certainty the terms of the contract of settlement he seeks to here enforce. In sum, he asserts that a demand for settlement in a specific amount, followed by a payment to the demanding party of half that amount, without more, is sufficient to establish the terms of the contract of settlement. While this may give rise to a permissible inference that the parties in fact settled for the amount tendered, this is by

no means the only inference to be drawn from such a series of events, nor is it any more compelling than a number of others that may be reached.

Both pleas in bar suffer as well from an additional infirmity that renders them wholly unenforceable here, namely an inadequate showing by their proponents of any authority on the part of Conrad to bind the plaintiff herein to their terms. An attorney may not bind his client to a settlement absent the client's express authority. *Dawson v. Hotchkiss*, 160 Va. 577, 581, 169 S.E. 564 (1933); *accord Kaplan v. Kaplan*, No. 0987-92-1, 1993 Va. App. LEXIS 420, at *6 (Sept. 14, 1993). This has long been a proposition of settled law with which sophisticated commercial parties such as insurance companies should be well familiar. It is clear from the evidence here that the plaintiff did not authorize Conrad to enter into the settlements claimed, was unaware that he had taken the actions he took, and received none of the funds tendered by the defendants to him. In short, the evidence is wholly devoid of any showing that Conrad acted within the terms of his actual authority or any implied authority.

Thus, these purported settlements bind the plaintiff, if at all, to the degree that they may be said to be the product of any apparent authority with which Conrad may have acted. A client may, as principal, imbue his attorney with apparent authority to settle a claim. *See Singer Sewing Mach. Co. v. Ferrell*, 144 Va. 395, 402-05, 132 S.E. 312 (1926). An exercise of that apparent authority by the attorney will bind the client. *Id.* It is essential, in determining the scope of any apparent authority, to look at the actions of the client, however; for it is clear that the attorney can never be the architect of his own mandate. *Compare Walson*, 37 Va. App. at 216 (finding that attorney's representations to the contrary were insufficient to give rise to apparent authority when his client had manifestly limited his authority during prior negotiations); *and Singer Sewing Mach. Co.*, 144 Va. at 402-04 (finding that an attorney did possess apparent authority to settle when he conferred with his clients in the presence of, but outside of the hearing of, opposing counsel and then returned to the negotiation table to accept a settlement offer). The apparent authority must be the product of a belief that is "traceable to the principal's manifestations." Restatement (Third) of Agency § 2.03 (2006). Manifestation by the principal is the *sine qua non* to any creation of apparent authority. *See id.* at § 3.03.

A decision to settle a claim is the client's alone. *Dawson*, 160 Va. at 581; Va. Sup. Ct. R. pt. 6, sec. II, 1.2(a) (2010). And while retaining a lawyer may vest him with apparent authority to do all acts reasonably calculated to advance the client's interests, it may never be the sole source for a finding of apparent authority to compromise them. *See Singer Sewing*

*Machine,* 144 Va. at 402; *see also Walson,* 37 Va. App. at 216-17; Restatement (Third) of the Law Governing Lawyers § 22 (2000) ("As between client and lawyer ... the following and comparable decisions are reserved to the client except when the client has validly authorized the lawyer to make the particular decision: whether and on what terms to settle a claim. . . .."); Restatement (Third) of the Law Governing Lawyers § 27, cmt. a (2000) ("Such [broad apparent] authority arising from the act of retention alone does not extend to matters, such as approving a settlement, reserved for client decision.").

The evidence adduced in support of the defendant's pleas in bar fails to show any act of the plaintiff, save for the initial engagement of Conrad to represent her, on which any grant of authority to settle could be based. Accordingly, I find that she is not bound by the acts of her lawyer, and the pleas in bar must be denied.