**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-2172**

EBENEZER OHENE SAKYI,

       Plaintiff - Appellant,

    v.

NATIONSTAR MORTGAGE, LLC; DEUTSCHE BANK NATIONAL TRUST COMPANY, As Trustee for GSR Mortgage Loan Trust 2007-ARI, Mortgage Pass-Through Certificates, Series 2007-ARI,

       Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Claude M. Hilton, Senior District Judge.  (1:18-cv-00265-CMH-TCB)

Submitted: April 30, 2019                                      Decided: May 16, 2019

Before WYNN and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Ebenezer Ohene Sakyi, Appellant Pro Se.  Dennis Kyle Deak, Raleigh, North Carolina, Syed Mohsin Reza, TROUTMAN SANDERS, LLP, Washington, D.C., for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ebenezer Ohene Sakyi appeals the district court's order granting the joint motion to dismiss filed by Defendants Nationstar Mortgage LLC ("Nationstar") and Deutsche Bank National Trust Company and dismissing Sakyi's civil action arising out of his home mortgage default. We review de novo a district court's dismissal of a complaint under Fed. R. Civ. P. 12(b)(6), accepting factual allegations in the complaint as true and "drawing all reasonable inferences in [the plaintiff's] favor." *Mason v. Mach. Zone, Inc.*, 851 F.3d 315, 319 (4th Cir. 2017). We affirm.

We reject Sakyi's claims that the district court erred in failing to hold his pleading to the less stringent pro se standard and in dismissing his claims prior to the close of discovery. Although pro se complaints should be liberally construed, they must still "state a claim to relief that is plausible on its face." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (internal quotation marks omitted). Moreover, "a plaintiff armed with nothing more than conclusions" is not entitled to discovery. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The district court did not dismiss Sakyi's complaint for technical deficiencies, but for its failure to state legally and factually plausible claims, as the Civil Rules and the Supreme Court require.

Turning to the specific counts Sakyi challenges on appeal, we conclude that the district court properly dismissed as time-barred the portion of Count 1 in which Sakyi claimed Defendants breached their obligation to adjust his interest rate annually. The district court erred, however, when it dismissed the whole of Count 1 as time-barred, because Count 1 consisted of multiple allegations, some of which were timely. That said,

2

"[o]ur review is not limited to the grounds the district court relied upon, and we may affirm on any basis fairly supported by the record." *Lawson v. Union Cty. Clerk of Court*, 828 F.3d 239, 247 (4th Cir. 2016) (internal quotation marks omitted). Therefore, we affirm the dismissal of the remaining allegations within Count 1 because Sakyi failed to state a viable claim.[1]

In Count 2, Sakyi claimed Nationstar was unjustly enriched through its improper servicing of Sakyi's loan. The district court dismissed this claim, too, as time-barred. Again, we find the district court's analysis insufficient because some, but not all, of the claims alleged within Count 2 are untimely. However, we affirm the dismissal because, in Virginia, "[t]he existence of an express contract covering the same subject matter of the parties' dispute precludes a claim for unjust enrichment." *CGI Fed. Inc. v. FCi Fed., Inc.*, 814 S.E.2d 183, 190 (Va. 2018). Because the claims Sakyi raises in Count 2 are covered by an express contract, Sakyi is precluded from seeking relief under the guise of unjust enrichment. Accordingly, the district court did not err in dismissing Count 2.

In Count 3, Sakyi alleges that an oral contract was created, and later breached, when a Nationstar representative falsely told him that he was being offered a loan modification that included principal reduction. We conclude that this claim was properly dismissed because it is barred by Virginia's statute of frauds. *See* Va. Code Ann. § 11-

---

[1] Sakyi also alleges that the district court erred in dismissing his contract claims based on Nationstar's argument that it is a loan servicer and thus not subject to contract liability. In fact, this was not a basis for the district court's dismissal of Sakyi's contract claims, and we therefore discern no error on this point.

2(6) (2018) ("[A]ny contract for the sale of real estate" cannot be enforced unless it "is in writing and signed by the party to be charged or his agent"); *Lindsay v. McEnearney Assocs., Inc.*, 531 S.E.2d 573, 575–76 (Va. 2000) ("[W]hen, as here, a contract is required to be in writing pursuant to [Va. Code Ann.] § 11-2, any modification to that contract must also be in writing and signed by the party to be charged or his agent."). Finally, we conclude that the district court properly dismissed Counts 4 and 5 for failure to state a claim.[2]

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[2] The remaining counts in Sakyi's complaint are not mentioned in his informal brief and are thus waived on appeal. 4th Cir. R. 34(b); *Jackson*, 775 F.3d at 175 ("[O]ur review is limited to issues preserved in [the informal] brief.").